# IN THE SUPREME COURT OF IOWA

No. 13–1926

Filed January 29, 2016

**GARY A. KOBAL,**

Appellant,

vs.

**WELLS FARGO BANK, N.A.,** as Trustee for MLMI Trust Series 2005-HE2, and Any and All Unknown Parties in Possession of the Real Estate Located at Lot 11 in Kingswood Estates Plat 3, an Official Plat, Now Included in and Forming Part of the City of Urbandale, Iowa, Des Moines, Iowa,

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Mortgagor seeks further review of a court of appeals decision affirming the district court's ruling on a quiet title action. **AFFIRMED.**

Randall L. Jackson of the Law Office of Randall L. Jackson, Des Moines, for appellant.

Kevin M. Abel of Bryan Cave L.L.P., St. Louis, MO, and Benjamin W. Hopkins of Petosa, Petosa & Boecker, LLP, Clive, for appellee.

**PER CURIAM.**

This is a quiet-title action raising the question of whether the two-year special statute of limitations in Iowa Code section 615.1(1) applies only to judgment liens or whether the underlying debt is also extinguished after the passage of the requisite two-year period. The district court granted summary judgment to the defendant Wells Fargo Bank and denied Gary Kobal's cross-motion for summary judgment. The court of appeals affirmed.

In *U.S. Bank National Association v. Callen*, ___ N.W. 2d ___ (Iowa 2016), we held that Iowa Code section 615.1(1) (2011) applies only to judgment liens and that the two-year special statute of limitations in Iowa Code section 615.1(1) did not apply to rescission under Iowa Code section 654.17. Our holdings in *U.S. Bank* are largely dispositive of this controversy.

An additional issue, however, is presented in this case that was not present in *Callen*. On appeal, Kobal asserts an unclean hands defense to foreclosure. While there may be a question as to whether the unclean hands defense was adequately presented to the district court, it is clear that the district court did not rule upon it and that Kobal did not file a motion for enlargement under Iowa Rule of Civil Procedure 1.904(2). The unclean hands issue has therefore been waived. *Meier v. Senecaut*, 641 N.W.2d 532, 541 (Iowa 2002). As a result, the judgment of the district court is affirmed.

**AFFIRMED.**

All justices concur except Waterman and Mansfield, JJ., who take no part.

This opinion shall not be published.